# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFFREY D. JUSTICE, II, | Case No. _____ |
| Plaintiff, | |
| v. | <u>JURY TRIAL DEMANDED</u> |
| HEALTHCARE REALTY TRUST INC., JOHN KNOX SINGLETON, TODD J. MEREDITH, JOHN V. ABBOTT, NANCY H. AGEE, EDWARD H. BRAMAN, AJAY GUPTA, JAMES J. KILROY, PETER F. LYLE, and CHRISTANN M. VASQUEZ, | **COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934** |
| Defendants. | |

Plaintiff, by his attorneys, for this complaint against defendants, alleges the following upon personal knowledge with respect to himself, and upon information and belief based upon the investigation of counsel as to all other allegations herein:

## NATURE OF ACTION

1. On February 28, 2022, Healthcare Realty Trust, Inc. ("HR" or the "Company") entered into an agreement and plan of merger (the "Merger Agreement") to be acquired by Healthcare Trust of America, Inc. ("Parent"), Healthcare Trust of America Holdings, LP ("Parent OP"), and HR Acquisition 2, LLC ("Merger Sub") (the "Proposed Merger").

2. Under the terms of the Merger Agreement, HR's stockholders will receive $35.08 in cash per share.

3. On May 2, 2022, defendants filed a registration statement (the "Registration Statement") with the U.S. Securities and Exchange Commission (the "SEC").

4. As alleged herein, the Registration Statement fails to disclose material information regarding the Proposed Merger, and defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

**THE PARTIES**

8. Plaintiff is and has been continuously throughout all relevant times the owner of HR common stock.

9. Defendant HR is a Maryland corporation. HR's common stock is traded on the New York Stock Exchange under the ticker symbol "HR."

10. Defendant John Knox Singleton is Chairperson of the Board of Directors of HR (the "Board").

11. Defendant Todd J. Meredith is President, Chief Executive Officer, and a director of the Company.

12. Defendant John V. Abbott is a member of the Board.

13. Defendant Nancy H. Agee is a member of the Board.

14. Defendant Edward H. Braman is a member of the Board.

15. Defendant Ajay Gupta is a member of the Board.

16. Defendant James J. Kilroy is a member of the Board.

17. Defendant Peter F. Lyle is a member of the Board.

18. Defendant Christann M. Vasquez is a member of the Board.

19. Defendants identified in ¶¶ 10-18 are referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

20. HR is a real estate investment trust that integrates owning, managing, financing and developing income-producing real estate properties associated primarily with the delivery of outpatient healthcare services throughout the United States.

21. On February 28, 2022, HR entered into the Merger Agreement.

22. The press release announcing the Proposed Merger provides as follows:

Healthcare Realty Trust Incorporated (NYSE:HR) ("Healthcare Realty" or "HR") and Healthcare Trust of America, Inc. (NYSE: HTA) ("Healthcare Trust of America" or "HTA") today announced that they have agreed to enter into a strategic business combination. HTA shareholders will receive a total implied value of $35.08 per share comprised of a special cash dividend of $4.82 per share and a transaction exchange ratio of 1:1 based on HR's unaffected price of $30.26 on February 24, 2022. This transaction brings together two of the largest owners of medical office buildings, creating the preeminent, pure-play medical office building REIT and positions the combined company (the "Company") to create long-term shareholder value. The Company will have a pro forma equity market capitalization of approximately $11.6 billion and a total enterprise value of $17.6 billion based on the implied values at market close on February 24, 2022.

**Leadership and Organization**

The Company will be led by the Healthcare Realty management team, with Todd Meredith as President and Chief Executive Officer and Kris Douglas as Executive Vice President and Chief Financial Officer. Upon completion of the transaction, the

3

new Company will continue to operate with the Healthcare Realty name and trade on the NYSE under the ticker symbol HR.

The Company will have a highly qualified, diverse Board of Directors comprised of nine existing directors of Healthcare Realty, three members of the Healthcare Trust of America Board, and one new member to be mutually agreed upon by the existing HR and HTA directors and appointed prior to closing of the transaction. Knox Singleton, Chairman of the Healthcare Realty Board, will be Chairman of the Company and Brad Blair, Chairman of the Healthcare Trust of America Board, will be appointed Vice Chairman.

Upon completion of the transaction, the Company's headquarters will be based in Nashville, with additional corporate offices in Scottsdale and Charleston. The Company will implement a detailed integration process to ensure continuity for tenants, employees and all stakeholders.

"We are pleased to announce this strategic transaction, which unites two highly complementary medical office portfolios and represents a rare opportunity to create a sector-leading REIT in terms of both size and quality. We believe all shareholders will benefit from the Company's expanded national footprint from HR's Seattle portfolio to HTA's Boston portfolio. The Company will have unmatched market scale in concentrated clusters, meaningful corporate and operational synergies, and a larger development pipeline. We believe this transaction will be accretive through near term synergies with additional value from operational upside. It will also strengthen the combined balance sheet, enhance liquidity and improve access to capital. This combination provides a significant value creation opportunity for shareholders," stated Todd Meredith, President and Chief Executive Officer, Healthcare Realty.

"This transformative transaction joins two premier real estate companies with a combined value that we believe is much greater than the sum of its parts, with the operational and financial scale necessary to compete and drive sustainable value creation. HTA shareholders will realize an attractive premium via a special cash dividend while being able to fully participate in the future growth prospects of a powerful, sector leading MOB REIT, led by a seasoned, well-respected management team. This transaction is the culmination of a thorough strategic review process and we are pleased with the result for our shareholders, employees and tenants. We are confident this is the best path forward for HTA," stated Brad Blair, Chairman of the Board, Healthcare Trust of America.

**Key Benefits**

The combination of Healthcare Realty and Healthcare Trust of America is expected to result in significant strategic, operational and financial benefits to shareholders, including:

**Creates Preeminent, High Quality MOB REIT:** With 727 properties totaling 44 million square feet, the Company will be the largest pure-play MOB REIT, with nearly double the square footage of the next largest MOB portfolio. The Company will own the largest portfolio of on or adjacent to hospital campus properties comprising 28.2 million square feet. 94% of the portfolio's square feet will be in top 100 MSAs.

**Achieves Critical Scale with Enhanced Clusters:** The Company will own over 1 million square feet in 14 distinct markets, representing over 50% of the portfolio's square feet. Nearly 80% of the portfolio's square footage will be located in markets with over 500,000 square feet. Meaningful scale in markets drives operational efficiencies for tenants and incremental leasing and investment volumes. Across the entire portfolio, the Company will have 147 clusters, each comprised of two to eleven properties within two miles of each other and averaging approximately 195,000 square feet per cluster.

**Broadens Relationships and Portfolio Diversification:** The portfolio will include properties associated with 57 of the Top 100 health systems in the U.S. on or adjacent to 231 hospital campuses. The top 10 tenants in the portfolio will represent 22.6% of the portfolio's square feet with no single tenant representing more than 5.2%.

**Expands Development Pipeline:** The Company will have an embedded development pipeline in excess of $2 billion, concentrated in high growth markets such as Seattle, Houston, Denver, Dallas and Raleigh.

**Material Cost Synergies:** The Company expects to realize annual run rate cost synergies of $33 – 36 million within 12 months of closing from the elimination of duplicative corporate and public company costs.

**Accretive with Operational Upside:** The transaction is expected to be accretive to Healthcare Realty's per share results assuming full realization of synergies. Longer term, the Company expects to benefit from enhanced leasing volumes to drive occupancy and rent growth across the portfolio as well as property level cost savings.

**Greater Access to Capital and Balance Sheet Strength:** The Company intends to maintain a flexible, investment grade-rated balance sheet with a well staggered debt maturity profile. With enhanced size and scale, the Company expects to benefit from greater liquidity, higher index weightings and reduced borrowing costs over time.

**Transaction Structure**

At closing, each share of HR common stock will be exchanged for one share of HTA common stock, at a fixed ratio. In addition, a special cash dividend of $4.82 per share will be distributed to HTA shareholders. Taken together and based on

HR's share price at the close of markets on February 24, 2022, HTA shareholders will realize an implied value of $35.08 per HTA share, representing an 18.2% premium to HTA's share price at the close of markets on February 24, 2022. This combination is structured as a reverse merger whereby Healthcare Trust of America will be the corporate successor and the Company's name will continue as Healthcare Realty Trust Incorporated. Pro forma for the transaction HR and HTA shareholders will own 39% and 61% of the Company, respectively.

The special cash dividend of approximately $1.1 billion will be financed through joint venture transactions and asset sales. JPMorgan Chase Bank, N.A. has provided a commitment letter to Healthcare Trust of America for a $1.7 billion debt financing for the transaction upon the terms and conditions set forth in the letter.

The transaction is expected to close in the third quarter of 2022, subject to customary closing conditions, including the approval of both Healthcare Realty and Healthcare Trust of America shareholders. The transaction was unanimously approved by the Board of Directors of HR and the Board of Directors of HTA.

**Advisors**

Citigroup Global Markets Inc. is serving as lead financial advisor, Scotiabank is serving as financial advisor, and Hunton Andrews Kurth LLP is acting as legal advisor to Healthcare Realty. J.P. Morgan Securities LLC is acting as exclusive financial advisor and McDermott Will & Emery LLP is acting as legal advisor to Healthcare Trust of America.

23.  On May 2, 2022, defendants filed the Registration Statement, which fails to disclose material information regarding the Proposed Merger.

<u>Financial Projections</u>

24.  The Registration Statement omits material information regarding the Company's and Parent's financial projections, specifically: the line items underlying the financial projections.

25.  The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

Financial Analyses

26. The Registration Statement omits material information regarding the financial analyses conducted by Citigroup Global Markets Inc. ("Citigroup"). When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

27. Regarding Citigroup's Selected Public Companies Analyses, the Registration Statement fails to disclose the individual multiples and metrics for the companies utilized by Citigroup.

28. Regarding Citigroup's Discounted Cash Flow Analyses of HR, Parent, and the pro forma company, the Registration Statement fails to disclose: (i) the terminal values utilized by Citigroup; and (ii) the inputs and assumptions underlying the discount rates and growth rates utilized by Citigroup.

29. Regarding Citigroup's price targets analysis, the Registration Statement fails to disclose: (i) the price targets utilized by Citigroup; and (ii) the sources of the price targets utilized by Citigroup.

Banker Engagements

30. The Registration Statement omits material information regarding HR's bankers' engagements.

31. The Registration Statement fails to disclose the timing and details of the prior services Citigroup, Scotia, and/or their affiliates provided to HR, Parent, and/or their affiliates, and the fees Citigroup and Scotia have received or will receive for providing the services.

32. The Registration Statement fails to disclose the fees Citigroup and Scotia have received or will receive for providing financing services in connection with the Proposed Merger.

**COUNT I**

**Claim Against the Individual Defendants and HR for Violation of Section 14(a) of the Exchange Act and Rule 14a-9**

33. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

34. The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the Exchange Act and Rule 14a-9, in light of the circumstances under which they were made, failed to state material facts necessary to make the statements therein not materially false or misleading.

35. HR is liable as the issuer of these statements.

36. The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

37. The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

38. The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Merger.

39. A reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

40. The Registration Statement is an essential link in causing plaintiff to approve the Proposed Merger.

41. Accordingly, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9.

42. Plaintiff is threatened with irreparable harm.

**COUNT II**

**Claim Against the Individual Defendants for Violation of Section 20(a) of the Exchange Act**

43. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

44. The Individual Defendants acted as controlling persons of HR within the meaning of Section 20(a) of the Exchange Act as alleged herein.

45. Due to their positions as officers and/or directors of HR and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

46. Each of the Individual Defendants was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

47. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to

control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.

48. The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Merger. They were thus directly involved in the making of the Registration Statement.

49. Accordingly, the Individual Defendants violated Section 20(a) of the Exchange Act.

50. The Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.

51. These defendants are liable pursuant to Section 20(a) of the Exchange Act.

52. Plaintiff is threatened with irreparable harm.

### PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief against defendants as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from consummating the Proposed Merger;

B. In the event defendants consummate the Proposed Merger, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated: May 23, 2022

**GRABAR LAW OFFICE**

By: _____
Joshua H. Grabar (#5906953)
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
267-507-6085
jgrabar@grabarlaw.com

*Counsel for Plaintiff*